Nott, J.
]f this were now a new question perhaps the court might have felt some difficulty in coming to a decision upon it. But after the cases of Tatlock vs. Harris, 3 Term. Rep. 174. Vere vs. Lewis Do. 182; and Minet vs. Gibson, Do. 481, (b) I think there can be no question about it. In those cases it was held that a note payable to a fictitious person might be considered as payable to bearer, and therefore any person might sue upon it into whose hands it might come in the ordinary course of business. The last case went up to the house of Lords where it underwent a very full discussion, on which the decision of the King’s bench was supported. A very full report of the case with the opinions of the judges . may be found in 1 II. Black. Reports 5C5. I cannot distinguish this case from a note payable to a fictitious person. For anote payable to a fictitious person is payable to no one in particular; it riiay therefore be considered as payable to bearer and recoverable by any person who may become the honest holder of it. From the case of Bennet vs. Farnel, 1 Campbell, 130, it might be enferred that Lord Ellenborough, entertained a different opinion. But that opinion is explained in the Addenda (Do. 180,) wherein his lordship admits that the holder may recover, as bearer, if it can be shewn that the acceptor knew that the payee was a fictitious person. And with that qualification the holder in this case is entitled to maintain his action; because the maker of a promissory note stands in the double relation of drawer and acceptor, and therefore must know to whom it is payable. I can see no objection to my giving it such a construction. Perhaps the first inventor of such a bill might have done it with a fraudulent intention as the judges of England appear to have thought *484 in the case of Minet Gibson. But it would seem to meto carry with it rather the appearance of honesty, unless ac~ panied with some circumstances which authorized a different conclusion The drawee sends his note into the world like a Bank-bill, declaring that he will pay it into whose hands sover it may happen to come.
Chappell, for the motion,
Lomax, contra.
I am of opinion therefore that the motion to set aside the nonsuit ought to prevail.

 Where bills are made payable to a fictitious payee, a bona Jide holder for a valuable consideration may prove them under a commission of bankruptcy against the indorser, Ex-Parte Clarke, 3 Bro. 238. Ex-Parte Allen, Co. Bt. Laws, 172. Collis vs. Emet, 1 H. Black. 313. Gibson vs. Minet, Ibid, 569. Gibson vs. Hunter, 2 H Black. 288.